UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JOSHUA JACKSON, <br> EDWARD C. COOK, <br><br> Plaintiffs, <br><br> v. <br><br> ERIC J. HOLCOMB, <br> ROBERT E. CARTER, JR., <br> DAUSS, <br> DENNIS REAGAL, <br> INDIANA DEPARTMENT OF CORRECTIONS, <br> CENTURION MEDICAL PROVIDER, <br><br> Defendants. | No. 1:21-cv-03120-SEB-MPB |

**ORDER ON PLAINTIFFS' EMERGENCY MOTION FOR COURT ASSISTANCE**

The complaint that initiated this civil rights action pursuant to 42 U.S.C. § 1983, filed on December 28, 2021, names two plaintiffs in the caption. *See* dkt. 2. Plaintiffs Joshua Jackson and Edward Cook are Indiana Department of Correction inmates at Pendleton Correctional Facility. The plaintiffs allege that the have been injured from showering, drinking, and consuming contaminated water that has legionella and other bacteria due to old lead piping at the facility. Dkt. 2 at 8.

Part I of this Order addresses certain aspects of multiple plaintiff litigation. Part II of this Order discusses the plaintiffs' emergency motion for Court assistance, dkt. [9]. For the reasons explained below, the plaintiffs' emergency motion for Court assistance, dkt. [9], is **denied**.

**I. Multiple Plaintiff Litigation**

While multiple plaintiffs may join in an action under Federal Rule of Civil Procedure 20,

1

the Court must "alert prisoners" to the downsides of proceeding in joint litigation with other prisoners and "give them an opportunity to drop out" of the action. *Boriboune v. Berge*, 391 F.3d 852, 854-56 (7th Cir. 2004).

First, the plaintiffs in this case will in effect be paying separate filing fees for this matter. *See, e.g., Hubbard v. Haley*, 262 F.3d 1194 (11th Cir. 2001) ("the PLRA modified this approach and obliges prisoners seeking to proceed *in forma pauperis* to pay one fee apiece."); *see also Boriboune*, 391 F.3d at 854-55. Here, Mr. Jackson has not moved for leave to proceed *in forma pauperis* and has remitted a $350.00 payment to the Court toward the $402.00 filing fee for this action. *See* dkt. 11 (payment receipt). Mr. Jackson's remaining balance due is $52.00. Mr. Cook has moved for leave to proceed *in forma pauperis*, and the Court granted his motion and assessed an initial partial filing fee. Dkt. 14; dkt. 16. Second, each plaintiff risks that any claim deemed sanctionable under Federal Rule of Civil Procedure 11 could lead to sanctions for each plaintiff. *Boriboune*, 391 F.3d at 855-56. Third, each plaintiff proceeding *in forma pauperis* incurs a "strike" under 28 U.S.C. § 1915(g) if the action is dismissed on the ground that it is frivolous, malicious, or fails to state a claim upon which relief may be granted. *Id.* This is significant because a prisoner who has accumulated three "strikes" has limited opportunities to proceed *in forma pauperis* in future civil cases.

The Court instructs each plaintiff to consider the following points:

- He will be held legally responsible for knowing precisely what is being filed in the case on his behalf.

- He will be subject to sanctions under Fed. R. Civ. P. 11 if such sanctions are found warranted in any aspect of the case.

- If he proceeds *in forma pauperis*, he will incur a strike if any claim contained in the action is dismissed as frivolous or malicious or for failure to state a claim upon which relief may be granted.

- In screening the complaint, the Court will consider whether unrelated claims should be severed and, if it decides severance is appropriate, he will be required to prosecute his claims in a separate action and pay a separate filing fee for each new action.

- Whether the action is dismissed, severed, or allowed to proceed as a group complaint, he will be required to pay a full filing fee, either in installments or in full, depending on whether he qualifies for indigent status under §§ 1915(b) or (g).

In view of these challenges, each plaintiff shall have **through February 25, 2022, to notify the Court** whether he would like to voluntarily dismiss this action without prejudice or continue proceed as joint plaintiffs.

## II. Plaintiffs' Emergency Motion for Court's Assistance Dkt. [9]

Now before the Court is plaintiffs' motion requesting emergency Court assistance, filed on January 14, 2022. Dkt. 9. This motion seeks two forms of relief. First, the plaintiffs request "emergency Court assistance to grant Counsel" because the plaintiffs are "at risk for severe illnesses or even death" because they are still forced to consume and bath in contaminated water and have not received medical services. *Id.* at 2. The plaintiffs contend that because the facility is on lock down due to COVID-19, they have limited access to the law library to search for counsel. *Id.* Second, plaintiff Joshua Jackson requests that the Court compel the defendants to withdraw the $402.00 filing fee for this action from his inmate trust fund account. *Id.* at 3. The Court addresses each request for relief, in turn.

### 1. Request for Counsel

The plaintiffs' motion requesting emergency Court assistance moves the Court for the appointment of counsel. As a practical matter, there are not enough lawyers willing and qualified to accept a pro bono assignment in every pro se case. *See Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014) ("Whether to recruit an attorney is a difficult decision: Almost everyone would benefit

3

from having a lawyer, but there are too many indigent litigants and too few lawyers willing and able to volunteer for these cases.").

"Two questions guide [this] court's discretionary decision whether to recruit counsel: (1) 'has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so,' and (2) 'given the difficulty of the case, does the plaintiff appear competent to litigate it himself?'" *Walker v. Price*, 900 F.3d 933, 938 (7th Cir. 2018) (quoting *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007) (en banc)). These questions require an individualized assessment of the plaintiff, the claims, and the stage of litigation.

To facilitate the process of evaluating requests for counsel, the Court has prepared a form motion to be used by indigent litigants seeking the appointment of counsel. The form requests the information necessary for the Court to make a determination on the merits of the motion and requires the litigant to acknowledge important conditions of the appointment of counsel.

As it pertains to this request for relief, the plaintiffs' motion, dkt. [9], is **denied without prejudice** because it provides neither sufficient information to make a determination on the merits nor an acknowledgment of the conditions of the appointment of counsel. The plaintiffs may file a motion for the appointment of counsel that the Court will send to each of them along with their copies of this Order. **The clerk is directed to send each plaintiff** a motion for assistance with recruiting counsel form.

### 2. Remittance of Filing Fee from Mr. Jackson's Trust Account

The plaintiffs' motion requesting emergency Court assistance moves the Court to compel the facility to withdraw the $402.00 filing fee from Plaintiff Joshua Jackson's inmate trust fund account. As it pertains to this request for relief, the plaintiffs' motion, dkt. [9] is **denied**. The Court explained in its prior order on Mr. Jackson's motion to compel, at docket 15, that a payment of

$350.00 has been received and Mr. Jackson's balance remains $52.00. Mr. Cook's motion for leave to proceed *in forma pauperis* was granted, and he shall be responsible for his own payment of the filing fee. Dkt. 16.

### III. Conclusion

In summary, the Court has discussed the downsides of multiple prisoner litigation in Part I of this Order. In view of these challenges, each plaintiff shall have **through February 25, 2022, to notify the Court whether he would like to voluntarily dismiss this action without prejudice or proceed**.

The plaintiffs' motion for emergency Court assistance, dkt. [9], is **denied** for the reasons explained in Part II of this Order.

**The clerk is directed to send** to each plaintiff the Court's motion for assistance with recruiting counsel form along with his copy of this Order.

**IT IS SO ORDERED.**

Date: 1/28/2022

*Sarah Evans Barker*
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

JOSHUA JACKSON
222115
PENDLETON - CF
PENDLETON CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

EDWARD C. COOK
998849
PENDLETON - CF
PENDLETON CORRECTIONAL FACILITY
Electronic Service Participant – Court Only